UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCILO VAZQUEZ-REYES, A-074-661-360, | No.  1:26-cv-3122 DC AC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, | |
| Respondent. | |

Petitioner, an immigration detainee proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

I.      Factual Background

Petitioner is a native and citizen of El Salvador who entered the United States on an unknown date but appears to have been residing in the country since at least 2000.  ECF No. at 1 at 2; ECF No. 5-2 at 3 (record of petitioner's arrest from July 2000).  On January 21, 2026, petitioner was stopped by Florida Highway Patrol for an unspecified traffic violation that does not appear to have resulted in any charges.  ECF No. 1 at 2; ECF No. 5-2 at 2.  He was transported to the West Palm Beach Border Patrol Station after it was determined that he was not legally in the United States.  ECF No. 5-1 at 2.  Petitioner requested a custody re-determination hearing, which was denied on March 27, 2026, on the ground that the immigration judge lacked jurisdiction.

1

ECF No. 1 at 2.  Petitioner asserts that his only criminal history involves "driving-related offenses such as Driving Under the Influence (DUI)."  Id.  Respondent has submitted a copy of petitioner's "RAP sheet" that shows a 2000 arrest for a misdemeanor DUI that does not appear to have resulted in a conviction; a 2005 arrest for a misdemeanor DUI that resulted in a conviction in 2006; and a 2018 arrest for misdemeanor DUI with damage to property or a person, refusing to accept a citation, and violating a nonresident driver's license requirement that resulted in a conviction on the DUI charge the following year.  ECF No. 5-2.

II.    Procedural History

On April 24, 2026, the court received petitioner's pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention.  ECF No. 1.  The petition alleges that petitioner's prolonged detention without a bond hearing violates due process, that his continued detention under § 1225 violates the Immigration and Nationality Act because he is subject to § 1226(a), and that his detention violates due process because it is no longer reasonably related to its purpose.  Id. at 8-10.

On April 28, 2026, the undersigned ordered respondent to respond to the petition and directed respondent to "substantively address whether there are any factual or legal issues that materially distinguish this case from Labrador-Prato v. Noem, No. 1:25-cv-1598 DC SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025), Cesar Luis v. Warden, No. 1:26-cv-1823 DC SCR, 2026 WL 700713 (E.D. Cal. March 12, 2026), Alvarez Maciel v. Noem, No. 1:26-cv-1318 DC CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026), and other similar cases previously decided by this court."  ECF No. 4.  The answer states that this case is distinguishable from Labrador-Prato and Cesar Luis because it "does not involve re-detention of a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), and this Petitioner does have criminal convictions."  ECF No. 5 at 1. However, respondent concedes that "[b]ased on the limited facts presented in Alvarez Maciel v. Noem, No. 1:26-cv-1318 DC CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026), this case does not appear to be materially distinguishable."  Id. at 2.

////

2

III.   Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)).  In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

IV.   Discussion

Although respondent presents facts that distinguish this case from the court's prior orders in Labrador-Prato v. Noem, 2025 WL 3458802, and Cesar Luis v. Warden, 2026 WL 700713, respondent concedes that this case does not appear to be materially distinguishable from Alvarez Maciel v. Noem, 2026 WL 496948.  To the extent respondent's reference to petitioner's criminal history is also an attempt to distinguish petitioner's case from Alvarez Maciel and to support the assertion that a bond hearing is the proper remedy, the undersigned finds this factual distinction inconsequential to the issue presented.  Respondent argues that petitioner is subject to mandatory detention under § 1225(b)(2), not § 1226(c),[1] and the present facts do not suggest that § 1226(c) is applicable.  The undersigned therefore finds these facts do not materially distinguish this case from Alvarez Maciel and other similar cases.  See Jaimes-Tavira v. Warden of Golden State Annex Det. Ctr., No. 1:26-cv-2550 DC DMC, 2026 WL 1131005 (E.D. Cal. Apr. 27, 2026) (granting immediate release of petitioner who had not been previously detained and had lived in the United States for an extended period and finding "this court has found that dated criminal convictions not enumerated in 8 U.S.C. § 1226(c) have no bearing on the statutory basis for a noncitizen's immigration detention" where petitioner had 2011 conviction for misdemeanor battery of a spouse (citing Selis Tinoco v. Noem, No. 1:25-cv-1762 DC JDP, 2025 WL 3567862,

---

[1] Section 1226(c) is the mandatory detention statute for noncitizens (1) with certain criminal arrests or convictions, or who are inadmissible or deportable based on security or other related grounds, and (2) who do not have a final order of removal.  8 U.S.C. § 1226(c)(1).

3

at *2 (E.D. Cal. Dec. 14, 2025))).

Considering the facts of this case and respondent's failure to materially distinguish this case from Alvarez Maciel, the undersigned adopts and incorporates by reference the reasoning in Alvarez Maciel and finds that petitioner is subject to § 1226(a), not § 1225(b)(2), and was statutorily entitled to a bond hearing under 8 U.S.C. § 1226(a) prior to his detention. See also Osman v. Warden, Golden State Annex Det. Facility, No. 1:26-cv-3641 DC AC, 2026 WL 1389891 (E.D. Cal. May 18, 2026) ("Specifically, this court has found that a noncitizen who has lived in the United States for an extended period of time without having been admitted is subject to discretionary detention during removal proceedings pursuant to 8 U.S.C. § 1226(a) and is entitled to a pre-deprivation bond hearing under that section." (citing Alvarez Maciel, 2026 WL 496948; Barajas Ortiz v. Chestnut, No. 1:26-cv-1167 DC SCR, 2026 WL 508419 (E.D. Cal. Feb. 24, 2026); Zuniga Cruz v. Noem, No. 1:26-cv-1818 DC EFB, 2026 WL 890471 (E.D. Cal. Mar. 31, 2026))). Because respondent does not assert any alternative basis for petitioner's detention, and does not provide any extenuating circumstances that would warrant petitioner's continued unlawful detention pending a bond hearing, the court finds that the appropriate relief is petitioner's immediate release. See Alvarez Maciel, 2026 WL 496948, at *5; Osman, 2026 WL 1389891, at *1 ("the proper remedy for Respondent's failure to provide Petitioner with a statutorily compliant bond hearing is Petitioner's immediate release" (citing Zuniga Cruz, 2026 WL 890471, at *4)). Because relief is appropriate on Claim Two, the court declines to address petitioner's other claims, as they seek the same or similar relief (i.e., petitioner's immediate release).

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED, as follows:

    a. Respondents shall IMMEDIATELY RELEASE petitioner Lucilo Vazquez-Reyes, A-074-661-360, from custody. At the time of release, respondents must return all of petitioner's documents and possessions.

    b. Respondents shall not impose any additional restriction on petitioner unless it is

4

determined to be necessary at a future pre-deprivation/custody hearing.

    c.  Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide him with a bond hearing pursuant to 8 C.F.R. 1236.1(c)(8) at which petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety.

    d.  The order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal

2. Within three days of an order adopting these findings and recommendations, respondents be required to file a notice of compliance confirming petitioner's release and that the conditions of his supervision are the same as those to which he was subject prior to his re-detention.

3. The Clerk of the Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 27, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5